IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BERNARD L. STATEN , # 366025 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  CCB-15-599 |
| | * | |
| ANTHONY W. BATTS, | * | |
| CORPORAL MCEVOY,  Badge No. 2784 | * | |
| DETECTIVE MICHAEL,  Badge No. 2873 | * | |
| DETECTIVE COLLINS,  Badge No. 3254 | * | |
| DETECTIVE NACKE,  Badge No. 3322 | * | |
| DETECTIVE LEE,  Badge No. 3913 | * | |
| DETECTIVE COLLINS,  Badge No. 4066 | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM**

Self-represented plaintiff Bernard L. Staten ("Staten"), an inmate at the Maryland Correctional Institution in Jessup, Maryland, filed this complaint in the Circuit Court of Maryland for Baltimore City on March 3, 2015, naming Baltimore City Police Commissioner Anthony W. Batts ("Batts"),[1] Corporal McEvoy, Detective Michael, Detective Collins, Detective Nacke, Detective Lee and Detective McCollen as defendants. (ECF 2).  That same day Batts, the only defendant who appears to have received a copy of the complaint, filed a notice to remove the matter to the District of Maryland. (ECF 5).[2]  Batts is represented by an Assistant City Solicitor.

Currently pending are Batts' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF 11) and Staten's opposition responses. (ECF 13, 16). The

---

[1]  Batts no longer serves as Baltimore City Police Commissioner.

[2]   The Clerk will be directed to change the nature of suit designation on the docket to a 550 prisoner civil rights proceeding.

submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For reasons to follow, the Motion to Dismiss (ECF 11) is GRANTED and this case shall be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii), 1915A(b)(1) (requiring federal courts to screen prisoner complaints and dismiss any complaint that fails to state a claim upon which relief may be granted).

## PROCEDURAL HISTORY

As noted, this case was removed to this court on March 3, 2015. On March 20, 2015, Staten filed an amended complaint reiterating the claims set forth in his complaint as initially filed and providing addresses for defendants McEvoy, Michael, Collins, Nacke, Lee, and McCollen at the Baltimore City Police Department at 601 E. Fayette Street, in Baltimore City. (ECF 9). Staten served a copy of the amended complaint on Kristen E. Hitchner, Assistant City Solicitor. (ECF 9). There is no evidence that summons were issued or that service was obtained on these defendants. Indeed, it does not appear proper service was effectuated on Batts.

On March 23, 2015, Staten filed an answer to the Notice of Removal, stating he had filed his complaint on or about December 29, 2014, in the Circuit Court of Maryland for Baltimore City, because he believed that court had jurisdiction over this matter. (ECF 10). Staten indicated that he did not oppose removing this action to the District of Maryland. *Id*.

On March 27, 2015, Batts filed the pending motion to dismiss for failure to state a claim. (ECF 11). On May 7, 2015, Staten filed an opposition response, which he supplemented on June 30, 2015. (ECF 13).

On July 23, 2015, Staten submitted correspondence asking to name five additional police officers as defendants to this case and providing their addresses at the Baltimore City Police Department headquarters. The correspondence did not provide complete names for two of the

defendants and failed to state how any of the additional individuals were involved in the matters at issue in the complaint. (ECF 17). For these reasons, to the extent the request to supplement can be construed as a request to amend the complaint, shall be denied by separate order.

## BACKGROUND

The crux of Staten's claims is that on March 18, 2010, law enforcement officers from the Baltimore Police Department and the Baltimore County Police Department arrested him without probable cause using excessive force. (ECF 2). Specifically, Staten alleges a Taser was used on him while his hands were raised in surrender. *Id*. Staten claims he was subsequently "falsely convicted" in the Circuit Court of Maryland for Baltimore County on November 14, 2010, and "sentenced illegally" to serve 25 years without parole for second-degree assault, false imprisonment, kidnapping, and theft under $100.00.

Staten maintains defendants have violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, committed common law violations (false, imprisonment, invasion of privacy, gross negligence, malicious conduct), and violated his rights under Article 26 of the Maryland Declaration of Rights. *Id.* As relief, Staten requests damages of $200,000. (ECF 2, 9).[3]

## LEGAL STANDARD

The purpose of a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a

---

[3] Staten refers to his conviction in the Circuit Court for Baltimore County in Criminal Case No. 03K10001967. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId= 03K10001967&loc =55&detailLoc=K..

motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this court "need not accept the legal conclusions drawn from the facts, and ... need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* set forth "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id*. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id*. at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Staten was granted a waiver of prepayment of the filing fee by the Circuit Court for Baltimore City on March 13, 2015. (ECF 3); *see also* md.us/casesearch/inquiryDetail.jis caseId =24C14008201&loc=69&detailLoc=CC. The in forma pauperis statute, codified at 28 U.S.C. §§ 1915 and 1915A, requires courts to dismiss the cases of self-represented plaintiffs proceeding in

forma pauperis which fail to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Thus, in addition to resolving defendant Batts' motion to dismiss, the court is obligated to screen the sufficiency of the allegations against the remaining named defendants.

Staten is a self-represented plaintiff, and his complaint will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not excuse a plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

**DISCUSSION**

Batts moves for dismissal of the claims against him on two grounds. First, he states he was not personally involved in the matters alleged. In order for liability to exist under §1983, there must be personal involvement by a defendant in the alleged violation. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see also Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976). Vicarious liability based on respondeat superior is generally inapplicable to § 1983 actions.

Staten does not claim that Batts had personal involvement in his arrest or alleged use of excessive force. (ECF 2, 9). [4] Staten avers instead that Batts is liable because "[n]othing done in reference to the Baltimore City Police Department is done without approval by Commissioner Batts. He is responsible for the Baltimore City Police and their actions." (ECF 16, p. 3). These general and conclusory assertions, however, do not provide a basis for finding supervisory liability. Supervisory liability under §1983 must be supported with evidence that: (1) the

---

[4] Further, Staten does not claim defendants McEvoy, Michael, Collins, Nacke, Lee, or McCollen participated in his arrest or used excessive force against him. Thus, the claims against all named defendants are subject to dismissal for failure to state a claim

supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw*, 13 F.3d at 799. Staten's unsupported assertions fail to satisfy the requisites for establishing supervisory liability. For these reasons, the complaint fails to state a claim upon which relief may be granted and this case will be dismissed without prejudice.

Batts provides a second basis for dismissal of the complaint, asserting Staten's claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Claims which challenge the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. In other words, Staten's claims for damages for an illegal arrest cannot be entertained by this court unless he has first successfully challenged his criminal conviction. Staten does not claim the conviction has been reversed or otherwise called into question by a court. (ECF 11-1, p. 5).[5] Therefore, his assertion that there was no probable cause for his arrest may not be presented in the context of a claim for damages, and will be dismissed without prejudice pursuant to the ruling in *Heck,* 512 U.S. at 477.[6]

---

[5] The state court electronic record lists no actions to indicate Staten's conviction for second-degree assault, false imprisonment, kidnapping, and theft has been reversed or otherwise called into question. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId= 03K10001967 &loc=55 &detailLoc=K. On April 30, 2015, Staten, by his counsel, filed a motion to reopen post-conviction proceedings which is pending before the Circuit Court of Maryland for Baltimore County. *Id*.

[6] This matter also appears to have been filed outside the three-year limitations period which applies to proceedings under 42 U.S.C. § 1983. A state's personal injury statute of limitations is applied to all § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 240–41(1989). In Maryland, the general statute of limitations for personal injury cases is three years. *See* Md. Code Cts. & Jud. Proc. § 5–101; *see also Jersey Heights Neighborhood Ass'n v. Glendening,* 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal

## CONCLUSION

For the above stated reasons, this case will be dismissed without prejudice. A separate order follows.

August 17, 2015 /S/
Date Catherine C. Blake
United States District Judge

---

injury limitations period, which in Maryland is three years."). Federal law, however, governs the accrual date of a cause of action under § 1983. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under the general rule, the running of the statute of limitations begins as soon as the alleged wrongful action occurred. *Id*. Under the circumstances presented here, Staten's claims accrued at the latest in November of 2010, when he was convicted.